# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE BODE, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-5483** |
| **KENNER CITY, et al.** | **SECTION: "G" (5)** |

## ORDER

In this litigation, Plaintiffs, who are twelve "unclassified civil service" public employees of the City of Kenner, Louisiana,[1] seek declaratory relief and an injunction barring the City of Kenner ("the City"), Mayor Ben Zahn in his official capacity ("Mayor Zahn"), and Chief of Police Michael Glaser in his official capacity ("Chief Glaser") from enforcing Kenner City Charter Article I, Section 1.06 (hereinafter, the "Charter Amendment").[2] Pending before the Court are Mayor Zahn's "Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)"[3] and Chief Glaser's "Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)."[4] Having reviewed the motions, the memoranda in support and in opposition, the record, and the applicable law, for the reasons that follow, the Court will grant the motion to dismiss filed by Mayor Zahn and deny the motion to dismiss filed by Chief Glaser.

---

[1] Rec. Doc. 1 at 3–4. In particular, Plaintiffs are: (1) George Bode, the City of Kenner's Assistant Director of Inspections and Code Enforcement; (2) Adam Campo, the City of Kenner's Clerk of Court; (3) Gerald Dillenkoffer, an employee of the City of Kenner's Public Works Department; (4) Wendi Folse, the City of Kenner's Director of Personnel; (5) Mary-Sharon Howland, the Assistant to the Mayor, Defendant Ben Zahn; (6) Kenneth Marroccoli, the City of Kenner's Director of Parks and Recreation; (7) Theresa Nevels, the City of Kenner's Director of Purchasing; (8) Stephen Petit, Jr., an Assistant City Attorney and Kenner City Prosecutor; (9) Johnie Sullivan, an employee of the City of Kenner's Recreation Department; (10) Ronald Vitellaro, the City of Kenner's Director of Fleet Management; (11) Richard Walther, the City of Kenner's Director of Inspections and Code Enforcement; and (12) Mike Wetzel, the City of Kenner's Director of Finance. *Id.*

[2] *Id.* at 1–2.

[3] Rec. Doc. 11.

[4] Rec. Doc. 12.

## I. Background

*A.     Factual Background*

Plaintiffs are twelve "unclassified civil servants" employed by the City of Kenner, an instrumentality of the state of Louisiana.[5] In particular, Plaintiffs are political appointees who "serve at the pleasure of the Mayor" in various municipal positions, such as the Assistant to the Mayor, the City Prosecutor, and the Clerk of Court.[6] "Classified" civil servants in the City of Kenner receive certain employment protections under the Civil Service System.[7] By contrast, "unclassified" civil servants are employed at will by the Mayor.[8] Thus, newly-elected Mayors may appoint new individuals to fill those "unclassified" positions and replace the individuals selected by the previous administration.[9]

On June 7, 2012, the Kenner City Council approved Resolution No. B-16261, which called an election to amend the Kenner City Charter to include the instant Charter Amendment.[10] The Charter Amendment, titled "Apolitical Workforce," provides: "Section 1.06. The nonelected employees in the employment of the City of Kenner shall not participate in any political activity on behalf of any city candidate in City of Kenner elections."[11] Nonelected employees include both classified and unclassified employees.[12] The term "political activity" is not defined in the Charter

---

[5] Rec. Doc. 4-1 at 1–2; Rec. Doc. 18 at 2; *see also* Rec. Doc. 1 at 3–4.

[6] Rec. Doc. 18 at 2; *see* Rec. Doc. 4-1 at 2; Rec. Doc. 1 at 3–4.

[7] Rec. Doc. 4-1 at 4, 14; *see also* Rec. Doc. 18 at 2; Rec. Doc. 1 at 5–6, 15–16.

[8] *See* Rec. Doc. 4-5 at 2; *see also* Rec. Doc. 4-4 at 2; Rec. Doc. 1 at 10.

[9] *See* Rec. Doc. 4-5 at 2; Rec. Doc. 4-4 at 2; Rec. Doc. 1 at 10.

[10] Rec. Doc. 18 at 3.

[11] *Id.*; *see* Rec. Doc. 1-1.

[12] Rec. Doc. 1-1.

Amendment.[13] On November 6, 2012, 70 percent of the participating voters of the City of Kenner voted in favor of adopting the Charter Amendment and 30 percent voted against it.[14] Prior to the enactment of the Charter Amendment, the Kenner City Mayor had vetoed an ordinance in October 2011 seeking to prohibit unclassified employees of the City of Kenner from engaging in any political activity, and a similar attempt to limit City employees' political activity also failed in 1999.[15]

Prior to the enactment of the Charter Amendment, unclassified City employees were already prohibited from engaging in political activity during regular employment hours pursuant to Section 2-90 of the Kenner Code of Ordinances.[16] Section 2-90 directly defined the term "political activities" "[f]or purposes of this section."[17] Classified City employees were subject to the specific prohibitions on political activity established by the City's Civil Service System in

---

[13] Rec. Doc. 18 at 3.

[14] *Id.*

[15] *Id.* at 4. *See* Rec. Doc. 1 at 9.

[16] Rec. Doc. 4-3. Section 2-90 of the Kenner Code of Ordinances provides in full:

    No elected official, director, supervisor, or other employee of the City of Kenner shall hire, fire, promote, refuse to promote, or take any other job action against any City of Kenner employee or job applicant because of that employee's participation, or refusal to participate, in any election or other political activities.

    No elected official, director, supervisor, or other employee of the City of Kenner shall coerce or threaten any employee with any job action because of that employee's participation, or refusal to participate, in any election or other political activities.

    (a) For purposes of this section, political activities include, but are not limited to, support or nonsupport of any candidate for public office, fundraising activities, support or nonsupport, of any referendum or millage or similar proposition, or participation in the activities of any political party.

    (b) Provided, however, that no employee is allowed to engage in political activity while performing their job duties for the City of Kenner during regular employment hours.

[17] *Id.*

Section 8.04(B) of the Kenner City Charter as well.[18] Section 8.04(B) defined "political activity" "[a]s used in the Part" and lists certain political activities that classified City employees could and could not do under that prior ban.[19]

As stated in the parties' joint stipulations, although Plaintiffs have "no desire" to engage in political activity during work hours, Plaintiffs "have a genuine desire to express themselves on political issues while outside of work hours, and would like to participate in these elections while 'off the clock.'"[20] After the adoption of the Charter Amendment, Plaintiffs were prohibited from supporting local candidates in the 2016 Kenner City mayoral and City Council special election.[21] Plaintiffs will also be prevented by the Charter Amendment from supporting City candidates in the upcoming 2018 Kenner City elections.[22] Plaintiffs have expressed that they do not know which

---

[18] *See* Rec. Doc. 31. In particular, Section 8.04(B) provides:

    B. Party Membership; Elections. No member of the Kenner City Civil Service Board, or employee covered under this Section shall participate or engage in political activity; be a candidate for nomination or election to public office or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for a political party, faction or candidate; or take active part in the management of the affairs of a political party, faction, candidate or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.

    (1) Contributions. No person shall solicit contributions for political purposes from any classified employee or use or attempt to use his position in City service to punish or coerce the political action of a classified employee.

    (2) Political Activity Defined. As used in the Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election.

[19] *Id.* at 61.

[20] Rec. Doc. 18 at 2.

[21] *See* Rec. Doc. 4-4 at 2; Rec. Doc. 4-5 at 2; Rec. Doc. 4-6 at 2.

[22] *See* Rec. Doc. 4-4 at 2; Rec. Doc. 4-5 at 2; Rec. Doc. 4-6 at 2.

4

activities are prohibited by the Charter Amendment's restrictions on engaging in "political activity" and which activities are not.[23]

The City of Kenner will hold its next primary election for Mayor, Police Chief, and City Council on March 24, 2018, with the general election set for April 28, 2018.[24] Qualifying for that election begins January 3, 2018.[25] To date, there are no known cases where the Charter Amendment's prohibitions have resulted in any adverse employment action in the City of Kenner.[26]

### B.     *Procedural History*

Plaintiffs filed a complaint in this matter on June 1, 2017.[27] On June 20, 2017, Plaintiffs filed a motion for a preliminary injunction.[28] On June 27, 2017, Mayor Zahn and Chief Glaser each filed a motion to dismiss.[29] On July 11, 2017, Plaintiffs filed memoranda in opposition to both motions to dismiss.[30]

On July 5, 2017, the Court held a hearing on Plaintiffs' motion for a preliminary injunction.[31] On July 26, 2017, the Court granted Plaintiffs' motion and enjoined Defendants and

---

[23] *See* Rec. Doc. 4-4 at 1–2 (Plaintiff concurring with the facts alleged in the Plaintiffs' complaint and stating that the Charter Amendment fails to give him notice as to what activity is prohibited); Rec. Doc. 4-5 at 1–2 (same); Rec. Doc. 4-6 at 1–2 (same); *see also* Rec. Doc. 1 at 8, 10 (Plaintiffs alleging that they are fearful of retribution for violating the Charter Amendment and are unclear on what the Charter Amendment prohibits).

[24] Rec. Doc. 18 at 2.

[25] *Id.*

[26] *Id.* at 4.

[27] Rec. Doc. 1.

[28] Rec. Doc. 4.

[29] Rec. Docs. 11, 12.

[30] Rec. Docs. 35, 36.

[31] Rec. Doc. 30.

their agents from enforcing Kenner City Charter Article I, Section 1.06 until there is a final judgment in this case.[32]

## II. Parties' Arguments

### A. *Motion to Dismiss Filed by Mayor Zahn*

#### 1. **Mayor Zahn's Arguments in Support of the Motion to Dismiss**

In the motion to dismiss, "Mayor Zahn asserts that the claims against him should be dismissed as redundant because any claim against him in his official capacity is equivalent to a suit against the City."[33] Mayor Zahn states that he "takes no position regarding the legality of Section 1.06."[34] Mayor Zahn contends that he respects both "the will of the citizens of Kenner in wanting an apolitical City workforce" and "the right to free speech enjoyed by all citizens, including employees of the City who are not afforded civil service protections."[35] Nevertheless, Mayor Zahn avers that he is not a proper party to this litigation.[36] Mayor Zahn argues that Plaintiffs cannot assert claims against him in his official capacity in addition to asserting the same claims directly against the City.[37] Therefore, Mayor Zahn contends that the claims against the Mayor in his official capacity are redundant and should be dismissed.[38]

---

[32] Rec. Doc. 42.

[33] Rec. Doc. 11-1 at 1.

[34] *Id.*

[35] *Id.* at 1–2.

[36] *Id.* at 2.

[37] *Id.* at 4.

[38] *Id.*

## 2. Plaintiffs' Arguments in Opposition to the Motion to Dismiss

In response, Plaintiffs argue that Mayor Zahn is responsible for enforcing the Charter Amendment as it relates to Plaintiff's employment.[39] Plaintiffs concede that the claims against Mayor Zahn are identical to the claims against the City of Kenner.[40] However, because Plaintiffs have sought injunctive relief against Mayor Zahn, Plaintiffs contend that he should remain a defendant in this matter pursuant to *Ex Parte Young*.[41] Therefore, because Mayor Zahn does not deny that he can initiate adverse employment action against Plaintiffs for violations of the Charter Amendment, Plaintiffs contend that a suit against him in its official capacity is warranted.[42]

### B. *Motion to Dismiss Filed by Chief Glaser*

#### 1. Chief Glaser's Arguments in Support of the Motion to Dismiss

In the motion to dismiss, Chief Glaser contends that he "is not a proper party to this litigation because he is not the appointing authority of Plaintiffs and he has no jurisdiction or other authority to enforce Section 1.06 against Plaintiffs."[43] Chief Glaser asserts that the remedy for violations of the Charter Amendment is suspension or termination from employment, not criminal penalties.[44] Moreover, Chief Glaser contends that Plaintiffs are not employed by the police department, and Chief Glaser has no direction or control over Plaintiffs' employment.[45] Therefore,

---

[39] Rec. Doc. 36 at 1.

[40] *Id.* at 3.

[41] *Id.* (citing 209 U.S. 123, 158–160 (1908)).

[42] *Id.* at 4.

[43] Rec. Doc. 12-1 at 2.

[44] *Id.* at 3–4.

[45] *Id.* at 4.

Chief Glaser argues, he has no authority to enforce the Charter Amendment against Plaintiffs.[46] Accordingly, Chief Glaser contends that the Court should dismiss him from this litigation because Plaintiffs have failed to state a claim upon which relief could be granted.[47]

### 2. Plaintiffs' Arguments in Opposition to the Motion to Dismiss

In response, Plaintiffs argue that Section 5.09 of the City Charter states that Chief Glaser is "responsible for the prevention of crime, enforcement of applicable state law, this Charter, City ordinances, and with the general enforcement of the law. . . ."[48] Moreover, Plaintiffs note that the Charter Amendment does not define or set forth any penalty for its violation.[49] Plaintiffs contend that they "have properly pled and alleged that they [have] never been properly put on notice as to what the Charter prevents, or when and where it prevents it."[50] Plaintiffs assert that it is unclear who enforces the Charter Amendment, but "Section 5.09 tells the Plaintiffs that it is just as likely to be Chief Glaser as Mayor Zahn."[51]

Plaintiffs note that a state actor may be immune from suit brought against him in his official capacity.[52] However, because Plaintiffs have sought injunctive relief against Chief Glaser, Plaintiffs contend that he should remain a defendant in this matter pursuant to *Ex Parte Young*.[53] "Given that the Charter's terms can be reasonably interpreted to conclude that Chief Glaser would

---

[46] *Id.* at 5.

[47] *Id.*

[48] Rec. Doc. 35 at 4.

[49] *Id.* at 3.

[50] *Id.* at 4.

[51] *Id.*

[52] *Id.*

[53] *Id.*

be responsible for enforcing the offending Section 1.06," Plaintiffs assert that a suit against him in his official capacity is warranted.[54]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[55] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[56] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[57] "Factual allegations must be enough to raise a right to relief above the speculative level."[58] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[59]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[60] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[61] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[62] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[54] *Id.* at 5.

[55] Fed. R. Civ. P. 12(b)(6).

[56] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[58] *Twombly*, 550 U.S. at 556.

[59] *Id.* at 570.

[60] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[61] *Iqbal*, 556 U.S. at 677–78.

[62] *Id.* at 679.

statements" will not suffice.[63] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[64] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[65] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[66] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[67]

## IV. Analysis

Mayor Zahn asserts that all claims against him should be dismissed because they are redundant to Plaintiffs' claims against the City. In response, Plaintiffs concede that the claims against Mayor Zahn are identical to the claims against the City of Kenner. However, because Plaintiffs have sought injunctive relief against Mayor Zahn, Plaintiffs contend that he should remain a defendant in this matter pursuant to the *Ex Parte Young* exception to Eleventh Amendment immunity.

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well."[68] Moreover, it "is well established [that] 'a suit

---

[63] *Id.* at 678.

[64] *Id.*

[65] *Id.*

[66] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[67] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[68] *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (quoting *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002)).

against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office'" and that therefore such officials are entitled to invoke the state's sovereign immunity.[69] The *Ex Parte Young* exception allows suits against a state actor operating in his official capacity when the plaintiff seeks injunctive relief to prevent an on-going violation of federal law.[70] However, it is well established that "Eleventh Amendment immunity does not extend to units of local government" such as cities and counties.[71] Accordingly, because Mayor Zahn and Chief Glaser are city officials, not state officials, neither Eleventh Amendment immunity nor the *Ex Parte Young* exception are applicable here.

The Supreme Court and Fifth Circuit have both recognized that suits against a public official in his official capacity "generally represent another way of pleading an action against an entity of which an officer is an agent."[72] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[73] The Fifth Circuit has further concluded that district courts may properly dismiss claims against municipal officers in their official capacities when they are duplicative of claims against the governmental entities themselves.[74]

---

[69] *Id.* at 340, n.3 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

[70] *Ex Parte Young*, 209 U.S. 123, 158–160 (1908).

[71] *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 369 (2001) (citing *Lincoln Cnty. v. Luning*, 133 U.S. 529, 530) (1890).

[72] *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)).

[73] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[74] *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves.") (citing *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)). *See e.g.*, *Moton v. Wilkinson*, No. 08-1356, 2009 WL 498487, at *1 (E.D. La. Feb. 26, 2009) (Vance, J.) (noting that the Fifth Circuit has generally held that a plaintiff cannot maintain an action against an employer and its agent in his official capacity in other

Here, Plaintiffs have sued both Mayor Zahn, in his official capacity, and the City of Kenner. Plaintiffs concede that the claims against Mayor Zahn are identical to the claims against the City of Kenner, but argue that the claims against Mayor Zahn should remain because Plaintiffs are seeking injunctive relief against Mayor Zahn. However, as discussed above, *Ex Parte Young*, the only authority Plaintiffs cite to support this argument, is not applicable here because Mayor Zahn is not a state actor entitled to Eleventh Amendment immunity. Because "it is proper to dismiss allegations against municipal officers in their official capacities when the allegations duplicate claims against the governmental entity itself,"[75] and the City of Kenner has received notice and an opportunity to respond, the claims against Mayor Zahn must be dismissed.

Chief Glaser does not argue that the claims against him are redundant to the claims against the City of Kenner. Instead, Chief Glaser argues that the claims against him should be dismissed because he is not the person responsible for enforcing the Charter Amendment. In response, Plaintiffs contend that it is unclear who is responsible for enforcing the Charter Amendment, and they have properly pleaded a claim against Chief Glaser. In the complaint, Plaintiffs allege that Chief Glaser is "charged with enforcing violations of the City of Kenner's Charter and/or Ordinances" pursuant to Section 5.09 of the City Charter. Section 5.09 states that Chief Glaser is "responsible for the prevention of crime, enforcement of applicable state law, this Charter, City

---

contexts, and that this principle also applies to suits against a municipality and its officers) (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Romero*, 256 F.3d at 355; *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)).

[75] *Thompson v. Connick*, 578 F.3d 293, 297 n.4 (5th Cir. 2009), *rev'd on other grounds*, 563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011); *see e.g.*, *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, No. 12-2202, 2014 WL 1512001, at *9 (E.D. La. Mar. 26, 2014) (Fallon, J.); *Derischebourg v. Clark*, No. 15-1712, 2016 WL 98617, at *8 (E.D. La. Jan. 8, 2016) (Africk, J.) ("This Court has previously dismissed official-capacity claims against officers of an entity which were redundant of other claims in a lawsuit.").

ordinances, and with the general enforcement of the law. . . ." Moreover, the Charter Amendment does not specify who is responsible for its enforcement. Therefore, taking all well-pleaded facts as true, the Court finds that Plaintiffs have alleged sufficient facts to state a claim against Chief Glaser. Accordingly, Chief Glaser's motion to dismiss must be denied.

## V. Conclusion

For the reasons stated above, the Court concludes that Plaintiffs' claims against Mayor Zahn must be dismissed because they are duplicative of Plaintiffs' claims against the City of Kenner. However, taking all well-pleaded facts as true, the Court finds that Plaintiffs has alleged sufficient facts to state a claim against Chief Glaser.

Accordingly,

**IT IS HEREBY ORDERED** that Mayor Zahn's "Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)"[76] is **GRANTED.**

**IT IS FURTHER ORDERED** that Chief Glaser's "Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)"[77] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 20th day of February, 2018.



**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[76] Rec. Doc. 11.

[77] Rec. Doc. 12.