UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE BODE, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-5483** |
| **KENNER CITY, et al.** | **SECTION: "G" (5)** |

## ORDER AND REASONS

In this litigation, Plaintiffs, who are twelve "unclassified civil service" public employees of the City of Kenner, Louisiana,[1] sought declaratory relief and an injunction barring the City of Kenner ("the City"), Mayor Ben Zahn in his official capacity ("Mayor Zahn"), and Chief of Police Michael Glaser in his official capacity ("Chief Glaser") from enforcing Kenner City Charter Article I, Section 1.06 (hereinafter, the "Charter Amendment").[2] On March 20, 2018, the Court entered judgment in favor of Plaintiffs.[3] Pending before the Court is Plaintiffs' "Motion for Attorneys' Fees and Costs."[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, for the reasons that follow, the Court will grant the motion in part, deny it in part, and award Plaintiffs' attorneys' fees in the amount of $46,925.00

---

[1] Rec. Doc. 1 at 3–4. In particular, Plaintiffs are: (1) George Bode, the City of Kenner's Assistant Director of Inspections and Code Enforcement; (2) Adam Campo, the City of Kenner's Clerk of Court; (3) Gerald Dillenkoffer, an employee of the City of Kenner's Public Works Department; (4) Wendi Folse, the City of Kenner's Director of Personnel; (5) Mary-Sharon Howland, the Assistant to the Mayor, Defendant Ben Zahn; (6) Kenneth Marroccoli, the City of Kenner's Director of Parks and Recreation; (7) Theresa Nevels, the City of Kenner's Director of Purchasing; (8) Stephen Petit, Jr., an Assistant City Attorney and Kenner City Prosecutor; (9) Johnie Sullivan, an employee of the City of Kenner's Recreation Department; (10) Ronald Vitellaro, the City of Kenner's Director of Fleet Management; (11) Richard Walther, the City of Kenner's Director of Inspections and Code Enforcement; and (12) Mike Wetzel, the City of Kenner's Director of Finance. *Id*.

[2] *Id.* at 1–2.

[3] Rec. Doc. 61.

[4] Rec. Doc. 62.

1

and costs in the amount of $405.85.

## I. Background

Plaintiffs filed a complaint in this matter on June 1, 2017, naming the City of Kenner, Police Chief Glaser, and Mayor Ben Zhan as defendants.[5] On June 20, 2017, Plaintiffs filed a motion for a preliminary injunction.[6] On July 5, 2017, the Court held a hearing on Plaintiffs' motion for a preliminary injunction.[7] On July 26, 2017, the Court granted Plaintiffs' motion and enjoined Defendants and their agents from enforcing Kenner City Charter Article I, Section 1.06 until there is a final judgment in this case.[8]

On February 20, 2018, the Court granted a motion to dismiss filed by Defendant Mayor Ben Zhan because the Court found that the claims against Mayor Zhan were duplicative of Plaintiffs' claims against the City of Kenner.[9]

On March 19, 2018, the Court granted a motion for summary judgment filed by Plaintiffs.[10] The Court found that there were no genuine issues of material fact and Plaintiffs were entitled to judgment as a matter of law declaring that the Charter Amendment violated their First Amendment rights to engage in political speech, was unconstitutionally vague, and was overbroad.[11] The Court also found that Plaintiffs had carried their burden on all four factors identified by the Fifth Circuit

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 4.

[7] Rec. Doc. 30.

[8] Rec. Doc. 42.

[9] Rec. Doc. 59.

[10] Rec. Doc. 60.

[11] *Id.* at 38.

to prevail on a request for a permanent injunction.[12] Therefore, the Court granted Plaintiffs' motion for summary judgment and enjoined Defendants and their agents from enforcing Kenner City Charter Article I, Section 1.06.[13] The Court also concluded that Plaintiffs were entitled to nominal damages in the amount of $100, reasonable attorneys' fees and costs.[14] The Court ordered Plaintiffs to file a specific request for attorneys' fees and costs consistent with the Fifth Circuit's precedent on prevailing hourly rates, etc.[15] On March 20, 2018, the Court entered a final judgment in favor of Plaintiffs.[16]

On April 10, 2018, Plaintiffs filed the instant "Motion for Attorneys' Fees and Costs."[17] On April 17, 2018, Defendants filed an opposition to the motion.[18]

## II. Parties' Arguments

*A.     Plaintiffs' Arguments in Support of the Motion for Attorneys' Fees and Costs*

In the motion, Plaintiffs seek attorneys' fees in the amount of $51,475.00 and costs in the amount of $405.85.[19] In support of the motion, Plaintiffs provide the following table setting forth the hours expended, prevailing rate in the community, and associated fees for: lead counsel, Scott L. Sternberg; a partner at the firm, Keith J. Naccarri; an associate at the firm, Michael S.

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 39.

[16] Rec. Doc. 61.

[17] Rec. Doc. 62.

[18] Rec. Doc. 64.

[19] Rec. Doc. 62-1.

3

Finkelstein; and a law clerk:[20]

| Attorney | Rate Requested | Hours Billed | Award Requested |
|---|---|---|---|
| Scott L. Sternberg | $300 per hour | 134 | $40,200 |
| Keith J. Naccari | $250 per hour | 10 | $2,500 |
| Michael S. Finkelstein | $225 per hour | 38 | $8,550 |
| Law Clerk | $75 | 3 | $225 |
| TOTAL: | | 185 | $51,475 |

In support of this request, Plaintiffs present a detailed invoice of the hours billed in this action.[21] Plaintiffs also present affidavits of each of the attorneys involved who attest that the rates billed are consistent with their customary rates.[22] Mr. Sternberg also attests to the firms use of "value-based" billing whereby billing is halted "for client contact, menial or ministerial tasks, and other billings which do not advance the ultimate cause of action."[23] Mr. Sternberg further attests that he has personally reviewed a public records request response from the City of Kenner, which "indicates that not only is the Plaintiffs' bill eminently reasonable, but that all told, the amounts Plaintiffs' attorneys charged their lawyers to investigate, prosecute, and defend an assault on the Plaintiffs' fundamental civil rights is substantially similar to what the Defendants paid to defend this case at state-mandated rates."[24] Finally, Plaintiffs rely on declarations of civil rights attorneys Alysson Mills, Katie Schwartzmann, and Larry Centola, who attest to the reasonableness of the attorneys' fees requested.[25] Plaintiffs therefore move for a full award of $51,880.85 in fees and

---

[20] *Id.* at 11.

[21] *Id.* at 5 (citing Exh. A).

[22] *Id.* at 6 (citing Exh. B, Exh. C, Exh. D).

[23] *Id.* (citing Exh. B).

[24] *Id.* at 7 (citing Exh. B).

[25] *Id.* (citing Exh. E, Exh. F, Exh. G).

4

costs.[26]

Plaintiffs assert that it cannot reasonably be disputed that they are entitled to attorneys' fees under 42 U.S.C. § 1988(b) because they prevailed on every element of their claim.[27] Next, Plaintiffs contend that both the hours expended and the hourly rates billed are reasonable.[28]

Plaintiffs assert that the full award requested is warranted after consideration of the *Johnson* factors because: (1) Plaintiffs were fully successful on their request for a preliminary injunction and on summary judgment obtained a permanent injunction;[29] (2) the case involved complicated legal and procedural issues;[30] (3) the case required skill of counsel to understand the complex principles of constitutional law at issue;[31] (4) "[r]epresentation of the Plaintiffs was somewhat risky given counsel's newly-formed law firm and the desirability of seeking other billable work";[32] (5) the rates charged in this matter are in line with rates customarily charged in this market for First Amendment and civil rights litigation;[33] (6) counsel took on this important litigation without guarantee they would be paid unless they were successful;[34] (7) time limitations were imposed to ensure that a decision was made before the March 2018 election cycle;[35] (8) the

---

[26] *Id.*

[27] *Id.* at 8.

[28] *Id.* at 9–16.

[29] *Id.* at 17–18.

[30] *Id.* at 18.

[31] *Id.* at 18–19.

[32] *Id.* at 19.

[33] *Id.* at 19–20.

[34] *Id.* at 20.

[35] *Id.*

case required considerable time and effort;[36] (9) counsel has considerable experience in the areas of representation;[37] (10) "[t]he task of representing City employees taking on the City of Kenner and seeking to overturn a voter-approved Charter Amendment further made the case 'undesirable'";[38] (11) counsel had no prior relationship with Plaintiffs;[39] and (12) the Eastern District of Louisiana has approved fee awards "at least somewhat similar to that which is requested here."[40]

Finally, Plaintiffs assert that an award for costs in the amount $400 for the filing fee and $5.85 for copies is appropriate.[41] Accordingly, Plaintiffs assert that the Court should award the full amount of attorneys' fees and costs requested.[42]

## B. *Defendants' Arguments in Opposition to the Motion for Attorneys' Fees and Costs*

Defendants do not contest that Plaintiffs were the prevailing parties.[43] In opposition, Defendants only dispute the number of hours billed and the hourly rates used.[44] Specifically, Defendants argue that the amount of research undertaken in this case is excessive, "[g]iven that Plaintiffs' counsel, Mr. Scott Sternberg, is a recognized First Amendment attorney."[45] Similarly, Defendants assert that the administrative tasks and inter-office communications billed should be

---

[36] *Id.*

[37] *Id.* at 21.

[38] *Id.*

[39] *Id.* at 22.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] Rec. Doc. 63.

[44] *Id.* at 2–4.

[45] *Id.* at 2.

6

reduced or eliminated from the attorney fee award.[46]

Next, Defendants assert that the Court should consider the prevailing market rates awarded to attorneys by other judges in the Eastern District of Louisiana.[47] Defendants cite *Faulk v. Duplantis*, a First Amendment retaliation lawsuit that went to trial on two separate occasions, where another judge in this district determined that an hourly rate of $225.00 was appropriate for attorneys with 29 and 17 years' experience, rather than the requested hourly rate of $350.00.[48] Additionally, Defendants cite *Gros v. New Orleans City*, where another judge in this district determined an hourly rate of $210.00 was appropriate for an attorney with 10 years' experience, and an hourly rate of $185.00 was appropriate for an attorney with 7 years' experience who was "an expert in free speech law."[49] Therefore, Defendants assert that Mr. Sternberg should be awarded a similar hourly rate of $185.00 to $225.00 per hour, and the hourly rates of Mr. Naccari, Mr. Finkelstein, and the law clerk should likewise be reduced "given their limited experience in comparison to Mr. Sternberg."[50]

Further, because this matter involved a dispute between a public body and public employees, who were seeking relief based on the nature of their public employment, Defendants assert that the Court should consider the Louisiana Attorney General's Maximum Hourly Fee Schedule for professional services provided to attorneys representing the State of Louisiana, which provides for hourly rates of $225.00 per hour for attorneys with more than 10 years of experience, $175.00 per hour for attorneys with five to ten years of experience, and $40.00 per hour for law

---

[46] *Id.*

[47] *Id.*

[48] *Id.* at 3 (citing 2015 WL 3539637 (E.D. La. June 4, 2015)).

[49] *Id.* (citing 2014 WL 2506464 (E.D. La. June 3, 2014)).

[50] *Id.*

clerks.[51] Finally, Defendants assert that this case did not present a novel issue given the large amount of case law from the Supreme Court and the Fifth Circuit on identical or similar issues.[52] Therefore, Defendants "respectfully request this Court fully evaluate the bills put forth by Plaintiffs' counsel to determine whether such are reasonable in light of the foregoing case law and documentation from the Louisiana Attorney General."[53]

### III. Legal Standard for Attorney's Fees and Costs

Pursuant to 42 U.S.C. § 1988(b), the Court, in its discretion, may allow a prevailing party in any action brought under Section 1983 "a reasonable attorney's fee as party of the costs." In the March 19, 2018 Order, the Court found that Plaintiffs are entitled to reasonable attorneys' fees and costs because Plaintiffs prevailed on their Section 1983 claims regarding the unconstitutionality of the Charter Amendment.

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge, . . . but the judge's discretion is not unlimited."[54] "The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement."[55] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."[56]

---

[51] *Id.* at 3–4.

[52] *Id.* at 4.

[53] *Id.*

[54] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010) (internal quotations and citations omitted).

[55] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984)).

[56] *Perdue*, 559 U.S. at 558.

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees arising under 42 U.S.C. § 1988.[57] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[58] "[T]here is a strong presumption that the lodestar figure is reasonable."[59] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[60] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[61]

---

[57] Traditionally, courts have considered the factors set forth in *Johnson v. Georgia. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue,* the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." 559 U.S. at 550-51 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)) (internal quotation marks omitted). Since *Perdue*, however, the Fifth Circuit has continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar. *See Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (internal citations omitted).

[58] *Id.* at 392.

[59] *Perdue*, 559 U.S. at 553–54.

[60] *Combs*, 829 F.3d at 392 (citing *Johnson,* 488 F.2d at 717–19).

[61] *Johnson*, 488 F.2d at 717–19.

## IV. Analysis

### A. *Lodestar Calculation*

Plaintiffs submit that the lodestar is $51,475.00.[62] They arrives at this figure based on: (1) a $300.00 hourly rate for Mr. Sternberg multiplied by 134 hours of work; (2) a $250.00 hourly rate for Mr. Naccari multiplied by 10 hours of work; (3) a $225.00 hourly rate for Mr. Finkelstein multiplied by 38 hours work; and (4) a $75.00 hourly rate for a law clerk multiplied by 3 hours of work.[63] Defendant objects to both the hours expended and the hourly rates billed.[64] "[T]he court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers."[65] Accordingly, the Court addresses each of these issues in turn.

#### 1. Reasonable Number of Hours Expended

The Court first considers whether the number of hours expended on the case was reasonable. Plaintiffs submit the billing records for Mr. Sternberg totaling 134 hours, Mr. Narccari totaling 10 hours, Mr. Finkelstein totaling 38 hours, and a law clerk totaling 3 hours.[66] Plaintiffs also submit the affidavit of Mr. Sternberg, who attests to the firms use of "value-based" billing whereby the firm does not charge for "ministerial or Client-relations tasks."[67] In opposition, Defendants argue that the hours billed should be reduced because the amount of research undertaken in this case is excessive considering Mr. Sternberg's experience as a First Amendment

---

[62] Rec. Doc. 62-1 at 11.

[63] *Id.*

[64] Rec. Doc. 64.

[65] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

[66] Rec. Doc. 62-1 at 11.

[67] Rec. Doc. 62-4 at 4.

attorney.⁶⁸ Defendants also contend inter-office communications and administrative tasks billed should be reduced or eliminated from the attorney fee award.⁶⁹

A review of the billing records shows that Mr. Sternberg spent approximately 20 hours conducting legal research, Mr. Finkelstein spent approximately 5 hours conducting legal research, and the law clerk spent 3 hours conducting legal research.⁷⁰ Considering the complex constitutional law issues raised in this case, the Court finds that the amount of time spent conducting legal research across all phases of this litigation, which included litigation of a motion for a preliminary injunction, a motion to intervene, two motions to dismiss, and a motion for summary judgment, to be reasonable. Accordingly, the Court will not reduce the hours billed for this reason.

Defendants also contend inter-office communications and administrative tasks billed should be reduced or eliminated. However, a review of the billing records reveals that less than 10 hours were spent on such tasks by all of the attorneys involved over the course of this litigation, which spanned almost two years.⁷¹ Accordingly, the Court will not reduce the hours billed for this reason.

"The fee-seeking party must . . . show it exercised 'billing judgment' by excluding time that is unproductive, excessive, duplicative, or inadequately documented."⁷² The billing records

---

⁶⁸ Rec. Doc. 64 at 2.

⁶⁹ *Id.*

⁷⁰ *See* Rec. Doc. 62-3.

⁷¹ *Id.*

⁷² *Pickney v. Strategic Restaurants Acquisition Company LLC*, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990)). *See also Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 800 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgement." *Id.*

submitted by Plaintiffs show that billing judgment was used in this case. Accordingly, considering the billing records provided by Plaintiffs and the length and complexity of this litigation, the Court finds the hours expended on the case to be reasonable.

### 2. Reasonable Hourly Rates

Next, the Court considers the reasonableness of the hourly rates submitted. Plaintiffs seek an hourly rate of $300.00 for Mr. Sternberg, a founding partner of the law firm of Sternberg, Naccari & White, LLC, who has eight years of experience as an attorney, including significant experience in First Amendment law.[73] Plaintiffs seek an hourly rate of $250.00 for Mr. Naccari, a founding partner of the law firm of Sternberg, Naccari & White, LLC, who has three years of experience as an attorney and significant experience in the area of taxation.[74] Plaintiffs seek an hourly rate of $225.00 for Mr. Finkelstein, an associate with four years of experience including experience representing clients in First Amendment cases.[75]

Plaintiffs rely on declarations of civil rights attorneys Alysson Mills, Katie Schwartzmann, and Larry Centola, who attest to the reasonableness of the hourly rates requested in this case.[76] In opposition, Defendants contend that the requested hourly rates should be reduced based upon the experience of the attorneys, the rates awarded by other judges in this district in similar cases, and the Louisiana Attorney General's Maximum Hourly Fee Schedule for professional services provided to attorneys representing the State of Louisiana.[77]

The Court has reviewed cases decided by other district judges in the Eastern District of

---

[73] Rec. Doc. 62-4.

[74] Rec. Doc. 62-5.

[75] Rec. Doc. 62-6.

[76] Rec. Docs. 62-7, 62-8, 62-9.

[77] Rec. Doc. 64 at 3–4.

Louisiana awarding attorney's fees in comparable cases. In *Faulk v. Duplantis*, a First Amendment retaliation lawsuit, another judge in this district determined that an hourly rate of $225.00 was appropriate for attorneys with 29 and 17 years' experience, rather than the requested hourly rate of $350.00.[78] Additionally, in *Gros v. New Orleans City*, another First Amendment case, a judge in this district determined an hourly rate of $270.00 was reasonable for a partner with 16 years of experience, $210.00 was reasonable for an attorney with 10 years of experience, and an hourly rate of $185.00 was appropriate for an attorney with 6 years of experience.[79] In *Gros*, the district court also noted that two years earlier it "found that in the Eastern District of Louisiana a reasonable hourly rate for an attorney who had been practicing law for over eight (8) years and specialized in the field of law at issue was $300.00 per hour, and that a reasonable hourly rate for an attorney who had been practicing law for approximately two (2) years and specialized in the field of law at issue was $180.00 per hour."[80]

In this case, Mr. Sternberg, a partner, has eight years of experience as an attorney, including significant experience in First Amendment law.[81] Mr. Sternberg attests that his current hourly rate ranges from $200.00 to $300.00 an hour based on the nature of the representation.[82] Considering these factors and the hourly rates awarded to attorneys in this district in similar cases, the Court will reduce Mr. Sternberg's hourly rate to $275.00.

---

[78] 2015 WL 3539637, at *2 (E.D. La. June 4, 2015) (Zainey, J.).

[79] 2014 WL 2506464, at *8 (E.D. La. June 3, 2014) (Barbier, J).

[80] *Id.* (citing *Hernandez v. U.S. Customs & Border Prot. Agency,* 2012 WL 398328, at *14–16 (E.D.La. Feb. 7, 2012)).

[81] Rec. Doc. 62-4.

[82] *Id.*

Mr. Naccari, a partner, has three years of experience as an attorney.[83] However, Plaintiffs acknowledge that he has little litigation experience, as his expertise is in the area of taxation. Considering these factors, the Court will reduce Mr. Naccari's hourly rate to $225.00. Mr. Finkelstein, an associate, has four years of experience including experience representing clients in First Amendment cases.[84] Accordingly, the Court will reduce Mr. Finkelstein's hourly rate to $200.00 per hour. The Court finds the $75.00 hourly rate requested for work performed by a law clerk to be appropriate. The Court finds that further reduction of the hourly rates is not warranted in light of the Louisiana Attorney General's Maximum Hourly Fee Schedule as counsel was not representing the State of Louisiana in this matter.

Accordingly, the Court arrives at lodestar calculation of $46,925.00, which encompasses the following: (1) a $275.00 hourly rate for Mr. Sternberg multiplied by 134 hours; (2) a $225.00 hourly rate for Mr. Naccari multiplied by 10 hours; (3) a $200.00 hourly rate for Mr. Finkelstein multiplied by 38 hours; and (4) a $75.00 hourly rate for a law clerk multiplied by 3 hours.

### B. *Johnson Factors*

Plaintiffs assert that the full loadstar award is warranted after considering the *Johnson* factors.[85] Defendants do not respond to this argument, except to assert that the legal issues presented in this case were not complex.[86]

Plaintiffs were fully successful on their request for a preliminary injunction and on summary judgment obtained a permanent injunction. The case involved somewhat complicated

---

[83] Rec. Doc. 62-5.

[84] Rec. Doc. 62-6.

[85] Rec. Doc. 62-1 at 16–23.

[86] Rec. Doc. 64 at 4.

constitutional law issues, which required skill of counsel to understand. Defendants do not dispute Plaintiffs' assertion that representation of Plaintiffs was somewhat risky given counsel's newly-formed law firm and the desirability of seeking other billable work. Counsel took on this litigation without guarantee they would be paid, and the case required considerable time and effort. Furthermore, Defendants do not dispute Plaintiffs' assertion that the task of representing City employees taking on the City of Kenner and seeking to overturn a voter-approved Charter Amendment made this case somewhat "undesirable." Accordingly, the Court finds that reduction of the loadstar amount is not warranted after consideration of the *Johnson* factors.

### V. Conclusion

Based on the foregoing, the Court arrives at a lodestar calculation of $46,925.00, which encompasses the following: (1) a $275.00 hourly rate for Mr. Sternberg multiplied by 134 hours; (2) a $225.00 hourly rate for Mr. Naccari multiplied by 10 hours; (3) a $200.00 hourly rate for Mr. Finkelstein multiplied by 38 hours; and (4) a $75.00 hourly rate for a law clerk multiplied by 3 hours. Furthermore, the Court finds that reduction of the loadstar amount is not warranted after consideration of the *Johnson* factors. Finally, Defendants do not object to an award for costs in the amount of $405.85. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Attorneys' Fees and Costs"[87] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorneys' fees in the amount of $46,925.00 and costs in the amount of $405.85.

**NEW ORLEANS, LOUISIANA,** this __1st__ day of October, 2018.

                                                _____
                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[87] Rec. Doc. 62.